```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                  -v-                                             :    S1 22-CR-343 (JMF)
                                                                  :
BOSS TERRELL et al.,                                              :    MEMORANDUM OPINION
                                                                  :           AND ORDER
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendants Boss Terrell and Yaurel Centeno are charged, along with nine others, with a variety of racketeering and violent crimes, including murder. *See* ECF No. 28. Trial is scheduled to begin on March 11, 2024. *See* ECF No. 106. Now pending are (1) a severance motion filed by Centeno; (2) motions for disclosure of certain evidence and information filed by both Terrell and Centeno; and (3) motions filed by Terrell relating to jury selection. *See* ECF Nos. 94, 97, 99, 103. For the reasons that follow, the motions are denied.

**A. Motion to Sever**

The Court begins with Centeno's motion to sever. Under Rule 14 of the Federal Rules of Criminal Procedure, the Court may "sever the defendants' trials" if "consolidation for trial appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). There is, however, a "preference in the federal system for joint trials of defendants who are indicted together," *Zafiro v. United* States, 506 U.S. 534, 537 (1993), especially "when, as here, the defendants are indicted as part of a common scheme or plan," *United States v. Gotti*, No. 02-CR-743 (RCC), 2004 WL 602689, at *6 (S.D.N.Y. Mar. 26, 2004). Thus, "a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in substantial prejudice."

*United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994) (internal quotation marks omitted); *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993) (observing that the "principles that guide the district court's consideration of a motion for severance usually counsel denial"). Among the factors the Court should consider are "(1) the number of defendants and the number of counts; (2) the complexity of the indictment; (3) the estimated length of the trial; (4) disparities in the degrees of involvement by defendants in the overall scheme; (5) possible conflict between various defense theories; and (6) prejudice resulting from evidence admissible as to some defendants, but not others." *United States v. Ramos*, 346 F. Supp. 2d 567, 570 (S.D.N.Y. 2004).

Applying these standards, the Court easily concludes that there is no basis to grant Centeno a severance at this time. First, to the extent that Centeno argues that severance would be appropriate "if" the Government seeks to admit a confession of another Defendant that implicates him or if Defendants press antagonistic defenses, *see* ECF No. 100 ("Centeno Mem."), at 2-4, the motion is premature. Second, to the extent that he argues that severance is appropriate now based on the purported spillover prejudice of evidence focused on the counts in which he is not charged, *see id.* at 4-7, the motion is without merit. Because Centeno and the other Defendants are charged with participating in the same racketeering conspiracy and committing acts of violence in furtherance of that conspiracy, most, if not all, of the Government's evidence would be admissible even if Centeno and the other Defendants were tried separately. Moreover, Centeno's assertions notwithstanding, the differences in the allegations and the likely proof against each Defendant are matters of degree, not of kind, let alone kind that would warrant a severance. And regardless, "[d]iffering levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003); *see United States v.*

2

*Panza*, 750 F.2d 1141, 1149 (2d Cir. 1984) ("It is almost inevitable that in an unlawful scheme or conspiracy involving several defendants some will be shown to have been more culpable than others."). To the extent that any issues do arise — including, but not limited to evidence admissible against only one Defendant — the Court is confident that they can be addressed through curative instructions and other courtroom management tools. *See United States v. Guerrero*, 669 F. Supp. 2d 417, 425 (S.D.N.Y. 2009).

Accordingly, Centeno's motion for a severance is DENIED, albeit without prejudice to renewal on the grounds rejected above as premature. Any such motion for a severance shall be filed **no later than thirty days before the start of trial**.

### B. Motions for Disclosure

Next, Terrell and Centeno both move for disclosure of evidence under a variety of theories. *See* ECF No. 96 ("Terrell Disclosure Mem."), at 2-16; Centeno Mem. 7-9. These largely boiler-plate motions are without merit, substantially for the reasons set forth in the Government's opposition. *See* ECF No. 108 ("Gov't Opp'n"), at 8-20.

First, the motions are denied because they are not accompanied by an "affidavit certifying that counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach agreement," as required by Rule 16.1 of the Local Criminal Rules for the Southern District of New York. *See, e.g.*, *United States v. Molina*, No. 11-CR-528 (JFK), 2013 WL 2455922, at *4 (S.D.N.Y. June 5, 2013) (citing cases).

Second, to the extent that these motions seek evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, they are denied on the basis of the Government's representation that it has complied with its obligations

3

and will continue to do so, *see* Gov't Opp'n 18-19; *see also, e.g.*, *United States v. Davis*, No. 17-CR-610 (LGS), 2018 WL 4373998, at *10 (S.D.N.Y. Sept. 13, 2018); *United States v. Mangano*, No. 16-CR-540 (JMA), 2018 WL 851860, at *17 (E.D.N.Y. Feb. 9, 2018) ("Courts in the Second Circuit generally do not compel immediate disclosure of *Brady*/*Giglio* materials where (1) the Government represents it is aware of and will comply with its *Brady*/*Giglio* obligations, and (2) the Defense does not provide any reason for suspecting the Government will not comply." (internal quotation marks omitted)).

Third, to the extent that Defendants seek disclosure of witness statements, including statements of potential co-conspirators, their motions are meritless. It is well established that there is no obligation to disclose such statements prior to trial (unless they are subject to disclosure pursuant to *Brady* or *Giglio*); in fact, the Court cannot order early disclosure of statements subject to production under the Jencks Act. *See, e.g.*, 18 U.S.C. § 3500(a); *United States v. Coppa*, 267 F.3d 132, 145 n.10 (2d Cir. 2001) (Jencks Act); *In re United States*, 834 F.2d 283, 286 (2d Cir. 1987) (co-conspirator statements); *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974) (same); *see also, e.g.*, *United States v. Fernandez*, No. 17-CR-167 (JMF), 2017 WL 6372783, at *1 (S.D.N.Y. Dec. 12, 2017). Moreover, the Government represents that it "will . . . provid[e] 3500 [materials] well in advance of trial," Gov't Opp'n 18, a representation that is more than adequate under the law, *see, e.g.*, *United States v. Noble*, No. 07-CR-284 (RJS), 2008 WL 1990707, at *9 (S.D.N.Y. May 7, 2008) (approving the United States Attorney's Office's agreement "to produce any . . . § 3500 material on the Friday before trial, consistent with its standard practice" (internal quotation marks omitted)).

Fourth, Defendants fail to overcome the Government's "privilege to withhold from disclosure" — at least for now (given, among other things, the Government's representation that

4

it will provide Jencks Act materials "well in advance of trial," Gov't Opp'n 18) — "the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *United States v. Jackson*, 345 F.3d 59, 69 (2d Cir. 2003) (internal quotation marks omitted); *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). That is especially true given the nature of this case, as "courts in this circuit are especially reluctant to require the disclosure of witness lists in cases . . . that involve allegations of crimes of violence." *United States v. Remire*, 400 F. Supp. 2d 627, 633 (S.D.N.Y. 2005).

Fifth and finally, there is no basis to order disclosure at this time of "other acts" evidence that the Government seeks to admit pursuant to Rule 404(b) of the Federal Rules of Evidence, as the Rule merely requires "reasonable notice," Fed. R. Evid. 404(b), and "[c]ourts in this Circuit have held that two or three weeks['] notice is reasonable," *United States v. Rivera*, No. 16-CR-175 (LGS), 2017 WL 1843302, at *1 (S.D.N.Y. May 8, 2017) (internal quotation marks omitted)). That said, the parties are encouraged to confer and propose an agreed-upon deadline to the Court.

For the foregoing reasons, Defendants' motions for disclosure are DENIED.

**C. Jury Selection Motions**

Finally, Terrell seeks certain relief with respect to jury selection — namely, the use of a jury questionnaire, *see* ECF No. 98; *voir dire* questions about, and an instruction on, "implicit bias," *see* ECF No. 105, at 1-9; and the "playing [of] a judicially recognized orientation video explaining implicit bias," *id.* at 1 (emphasis omitted). These requests are all DENIED without prejudice to renewal by **February 19, 2024**, the deadline for the parties to file any proposed *voir dire*. *See* ECF No. 106. That said, the Court notes that it is likely to use its standard instructions and questions with respect to bias (implicit or otherwise), and it is unlikely either to use a jury

5

questionnaire or to play any video for the prospective jurors. *See, e.g.*, *United States v. Treacy*, 639 F.3d 32, 46 (2d Cir. 2011) (noting that the Second Circuit has "expressly declined to hold that district judges are ever obligated to [use jury questionnaires] in selecting juries" (internal quotation marks omitted)); *United States v. Salameh*, 152 F.3d 88, 121 (2d Cir. 1998) (holding that the district court did not abuse its discretion in declining to use a jury questionnaire).

## CONCLUSION

For the foregoing reasons, Terrell's and Centeno's motions are DENIED. The Clerk of Court is directed to terminate ECF Nos. 94, 97, 99, 103.

SO ORDERED.

Dated: November 2, 2023
      New York, New York

                                             JESSE M. FURMAN
                                             United States District Judge